**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

DEUTSCHE BANK NATIONAL )
TRUST COMPANY, AS TRUSTEE FOR )
AMERIQUEST MORTGAGE SECURITIES )
INC., ASSET-BACKED PASS-THROUGH )
CERTIFICATES, SERIES 2005-R2, )
         Plaintiff, )
            )   **Case No.  3:12-CV-0198-O**
v. )
            )
JULIUS HOLMES AND/OR ALL )
OCCUPANTS OF )
3320 Pecan Shadow Way )
Mesquite, Texas 75181, )
         Defendant. )

**FINDINGS, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management.

Plaintiff filed a Motion to Remand the Proceedings to County Court at Law Number 4 of Dallas

County, Texas ("Motion," doc.  6).  Defendant failed to respond to the motion and the time to do so

has expired.

**Background**

Defendants allegedly removed the case to this Court based on the diversity of citizenship of

Plaintiff and Defendants. (Doc. 3 at 1-2.)  However, a defendant may only remove based on diversity

if the defendant is not a resident of the state in which the action was brought. 28 U.S.C. § 1441(b).

Because Defendants are citizens of the state in which the action was brought, Plaintiff's Motion to

Remand must be granted.

**Undisputed Facts**

The following facts are taken from Plaintiff's Motion to Remand. The Court takes the facts

as true because they are unopposed. The real property at issue in this case is located at 3320 Pecan

Shadow Way, Mesquite, Texas 75181 (the "Property"). (Doc. 6 at 1.) Defendants are Julius

Holmes And/Or All Occupants of the Property ("Defendants"). (*Id*.) On November 1, 2011,

Plaintiff purchased the property at a foreclosure sale. (*Id*.) The property was subject to a Deed of

Trust dated January 22, 2005, naming Ameriquest Mortgage Company as Nominee. (*Id*.) Paragraph

22 of the Deed of Trust provides that upon the occurrence of a non-judicial foreclosure sale,

Defendant, or any person holding possession of the Property through Defendant, shall surrender the

Property to the purchaser at such sale or be deemed a tenant at sufferance. (*Id*. at 2.) In accordance

with Section 24.005 of the Texas Property Code, written demand was made upon Defendants on

December 5, 2011, to vacate the property. (Ex. 2.) Defendants' refusal to vacate the Property is

an act of forcible detainer as that term is defined under Section 24.002 of the Texas Property Code.

Upon Defendants' refusal to vacate the premises, the following events occurred: Paintiff filed an

Original Petition for Forcible Detainer in the Justice of the Peace Court, Precinct Two, Place 2 of

Dallas County Texas under cause number JE1102927. (Ex. 3.) After a hearing on December 12,

2011, the Justice Court granted judgment in favor of Plaintiff. Defendants filed the Notice of

Removal with this court on January 19, 2012. (Doc. 3.)

## Analysis

In the Notice of Removal, Defendants claimed that removal was proper under federal

diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 3 at 1.) Diversity jurisdiction requires

1) complete diversity of citizenship; and 2) that the amount in controversy exceeds the sum of

$75,000. 28 U.S.C. § 1332(a). Defendants noted that each of these requirements had been met in

this case. (Doc. 3 at 1.) Nonetheless, Defendants do not have the right to remove this case because

§ 1441(b) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b). Here, Defendants reside in Dallas County and are citizens of Texas, the state in which the action was brought.  Accordingly, removal was improper under 28 U.S.C. § 1441(b).

Plaintiff contends that removal is improper, filed in bad faith, and sought only for purposes of delay.  The Court finds that Defendants had no legal basis on which to remove this action. Removal was frivolous.

## Recommendation

The Court finds removal was improper under 28 U.S.C. § 1441(b). Therefore, the Court hereby recommends that the Motion to Remand be GRANTED and that the case be remanded to County  Court at Law Number 4 of Dallas County, Texas.

SO RECOMMENDED this 1st  day of March,  2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).